1 | Phillip G. Simpler (SBN 292486)
  |     E-Mail: psimpler@fisherphillips.com
2 | FISHER & PHILLIPS LLP
  | 4747 Executive Drive, Suite 1000
3 | San Diego, California 92121
  | Telephone: (858) 597-9600
4 | Facsimile: (858) 597-9601

5 | Attorneys for Defendant
  | TOO GOOD TO GO, INC.

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| THEODORE KIRKINIS, an individual, | Case No: **'24CV0678 BEN AHG** |
|---|---|
| Plaintiff, | **DEFENDANT'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |
| v. | |
| TOO GOOD TO GO, INC., a California limited liability company; and Does 1 through 50, inclusive, | |
| Defendants. | Complaint Filed: November 13, 2023<br>Trial Date:   Not Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. sections 1332, 1441, and 1446, Defendant TOO GOOD TO GO, INC. ("TGTG"), removes the above-entitled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California. In support of removal, TGTG states as follows:

/ / /

/ / /

## I. PROCEDURAL HISTORY

1. On November 13, 2023, Plaintiff filed a Complaint in the Superior Court of California, County of San Diego entitled *Theodore Kirkinis v. Too Good to Go, Inc., and Does 1-50*, San Diego Superior Court Case No. 37-2020-00035938-CU-OE-NCL ("Complaint"). *See,* Declaration of Phillip Simpler [hereinafter "Simpler Decl."] ¶3, Ex. 1 [hereinafter the "Complaint"]. The Complaint alleges causes of action against TGTG for: (1) Nonpayment of Wages (Cal. Labor Code §§ 201, 202, 218); (2) Failure to Pay Wages When Due (Cal. Labor Code § 203); (3) Failure to Provide Accurate Itemized Statements (Cal. Labor Code § 226); (4) Wrongful Termination in Violation of Public Policy; (5) Intentional Infliction of Emotional Distress; (6) Unfair Competition (Cal. Business and Professions Code § 17200 *et. seq.*); (7) Breach of Written Contract; (8) Breach of Implied Covenant of Good Faith and Fair Dealing; (9) Declaratory Relief; (10) Failure to Reimburse (Cal. Labor Code § 2802).

2. On March 14, 2024, TGTG was served with the Summons, Complaint, and related materials by personal delivery. Simpler Decl. ¶4.

3. On or about April 4, 2024, Plaintiff filed a Substitution of Attorney reflecting his counsel's change in firm to Nevels Nichols, LLP. Simpler Decl. ¶5, Ex. 2.

4. On April 12, 2024, TGTG filed an Answer to the Complaint, while stating its intention to compel arbitration pursuant to the parties' employment arbitration agreement that Plaintiff attached to the Complaint. Simpler Decl. ¶6, Ex. 3.

5. Based on information and belief, there are no other pleadings filed in this matter.

/ / /

/ / /

/ / /

## II. BASIS FOR REMOVAL JURISDICTION

6. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. section 1332 because the named parties are citizens of different states, Defendant is not a citizen of California, and the amount in controversy exceeds $75,000 exclusive of interest and costs. Accordingly, this case may be removed to this Court under 28 U.S.C. sections 1441 and 1446.

### A. Plaintiff's Citizenship

7. To establish citizenship for diversity purposes, a natural person must be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter v. Warnter-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). An existing domicile is presumed to continue. *Mitchell v. United States*, 88 U.S. 350, 353 (1875) ("[D]omicile, once acquired, is presumed to continue until it is shown to have been changed."); *Mintzis v. Scott*, No. 2:14-CV-01799-CAS, 2014 WL 3818104, at *5 (C.D. Cal. July 30, 2014). It is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

8. Here, "[a]t all time mentioned herein, Plaintiff THEODORE KIRKINIS, is and was an individual over the age of eighteen (18) years old and a resident of the County of San Diego, in the State of California." Complaint ¶1. Accordingly, Plaintiff is domiciled in and a citizen of the State of California for the purposes of diversity jurisdiction.

**B.     Defendant Too Good to Go, Inc.'s Citizenship**

9.     A corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). A corporation's "principal place of business" refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center." *Hertz v. Friend*, 559 U.S. 77 (2010). In practice, the nerve center is normally the corporation's headquarters, provided that the headquarters is the actual center of direction, control, and coordination. *Id.*

10.    Here, TGTG is incorporated in Delaware. Declaration of Michael Bookser [hereinafter "Bookser Decl."] ¶3; *see also,* Complaint ¶2. TGTG's corporate office and principal place of business is in New York. Bookser Decl. ¶3. TGTG has no officers, directors or upper level managers who reside or work in California. Bookser Decl. ¶3. Therefore, TGTG is a citizen of both Delaware and New York, and is not a citizen of California for purposes of diversity jurisdiction.

**C.     Complete Diversity Exists**

11.    Because Plaintiff is a California citizen, and TGTG is a citizen of Delaware and New York, complete diversity of citizenship exists in this matter.

**D.     Amount in Controversy**

12.    The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. §1332(a).

13.    Establishing the $75,000 threshold necessary for diversity jurisdiction is not burdensome. When seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). A defendant need only to establish by a preponderance of evidence

that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

14.  TGTG adamantly denies Plaintiff's allegations, denies any liability, and denies Plaintiff has suffered any damages. Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). This includes any possible award of attorneys' fees where, as here, a statute at issue awards attorneys' fees to the prevailing party. *See, Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.") (citations omitted); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998). The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

15.  Plaintiff alleges ten causes of action seeking recovery of past and future economic damages, past and future non-economic damages, unpaid wages, unpaid overtime, waiting time penalties, penalties for inaccurate wage statements, punitive damages, and attorney's fees. Complaint ¶¶ 24, 33, 38, 45, 47, 52, 60, 68, 73, 84 and Prayer ¶¶ 1-8. Plaintiff states in the Complaint he has suffered "compensatory damages of no less than $465,603.61" and civil penalties of more than $10,000." Complaint, Prayer at ¶¶ 1-2. Thus, as of the filing of this removal, Plaintiff claims his damages exceed **$475,603.61**.

/ / /

/ / /

16. Plaintiff's statutory claim for recovery of attorney's fees provides further support that the amount in controversy requirement is met since "[w]hen attorney fees are added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible." *Parker-Williams,* 53 F.Supp.3d at 153. This conclusion is only further supported by the fact that in the Ninth Circuit, district courts have the discretion to calculate fee awards using either the lodestar method or the "percentage-of-the-fund" method. *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) (citations omitted). As such, even where "the Court lacks the information required to calculate [attorneys'] fees, it is difficult to believe that the amount in controversy [] could be lower than $75,000 when the [attorneys'] fees are factored in along with" other available damages. *Parker-Williams,* 53 F.Supp.3d at 152. Simply put, it is likely that Plaintiff's attorneys' fees, alone, will exceed $75,000 if this matter goes to trial. For this independent reason, Plaintiff's Complaint satisfies the amount in controversy requirement.

17. In sum, the allegations in the Complaint are more than sufficient to establish that Plaintiff has placed in controversy an amount exceeding the jurisdictional minimum amount of $75,000.00. Accordingly, this State Court action may be removed to the United States District Court for the Southern District of California because, at the time this action was filed and the present time, diversity jurisdiction exists.

**III. TIMELINESS OF REMOVAL**

18. Under 28 U.S.C. section 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise,..." The 30-day period for removal is triggered once service occurs. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 ("Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the

complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

19. TGTG received a copy of the Complaint on March 14, 2024. Simpler Decl. ¶4. TGTG files this removal on or before April 15, 2024, which is the first court day following 30 days from service. As such, the removal is timely.

**IV.   NOTICE PROVIDED TO STATE COURT AND PLAINTIFF**

20. Written notice of this Notice of Removal in the United States District Court for the Southern District of California will be served on Plaintiff's counsel of record at Nevels Nichols, LLP.  A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached hereto as **Exhibit A** (without exhibits because the exhibit is this Notice).  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of San Diego.  A copy of the Notice to State Court of Removal of Action to Federal Court is attached hereto as **Exhibit B** (without exhibits because the exhibit is this Notice).

21. The foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal and Removal. TGTG respectfully requests that the above-mentioned litigation, now pending before the Superior Court of California, San Diego County, be removed to this Court based on diversity jurisdiction.

Dated:  April 15, 2024                              Respectfully submitted,

                                               FISHER & PHILLIPS LLP

By:   */s/ Phillip G. Simpler*
      Phillip G. Simpler
      Attorneys for Defendant
      TOO GOOD TO GO, INC.

# Exhibit A

|   |   |
|---|---|
| 1 | Phillip G. Simpler (SBN 292486) |
|   | E-Mail: psimpler@fisherphillips.com |
| 2 | FISHER & PHILLIPS LLP |
|   | 4747 Executive Drive, Suite 1000 |
| 3 | San Diego, California 92121 |
|   | Telephone: (858) 597-9600 |
| 4 | Facsimile:  (858) 597-9601 |
| 5 | Attorneys for Defendant |
|   | TOO GOOD TO GO, INC. |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO - HALL OF JUSTICE COURTHOUSE

| | |
|---|---|
| THEODORE KIRKINIS, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>TOO GOOD TO GO, INC., a California limited liability company; and Does 1 through 50, inclusive,<br><br>  Defendants. | CASE NO.:   37-2023-00049370-CU-OE-CTL<br>*[Unlimited Jurisdiction]*<br><br>*Assigned for all purposes to the*<br>*Honorable Matthew C. Braner, Dept. C-60*<br><br>**DEFENDANT'S NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**IMAGED FILE**<br><br>*[Filed concurrently with Notice of Removal]*<br><br>Complaint Filed: November 13, 2023<br>Trial Date:          Not Set |

**TO THE PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 15, 2024, Defendant TOO GOOD TO GO, INC. filed a Notice of Removal of this action from Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California. A true and correct copy of the Notice is attached hereto as **Exhibit A** (without re-attaching this document as part of the exhibit).

Pursuant to 28 U.S.C section 1446(d), the filing of the aforesaid Petition for Removal in the District Court, together with the filing of this Notice with this Court, effects the removal of this action, and this Court may not proceed further with the above-captioned litigation unless and until the case is remanded.

DATE: April 15, 2024             FISHER & PHILLIPS LLP

By: _____
Phillip G. Simpler
Attorney for Defendant
TOO GOOD TO GO, INC.

# PROOF OF SERVICE
## (CCP §§1013(a) and 2015.5)

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Diego with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On April 15, 2024, I served the following document(s) **DEFENDANT'S NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT** on the person(s) listed below by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

| NEVELS NICHOLS, LLP<br>Christopher Nichols (SBN 316417)<br>10089 Willow Creek Rd., Suite 200<br>San Diego, CA 92131 | Tel.: (619) 374-1100<br>Emails: Service@NevelsNichols.com<br><br>Attorney for Plaintiff<br>THEODORE KIRKINIS |
|---|---|

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Diego California, in a sealed envelope with postage fully prepaid.

☐ **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at fax number(s) listed above from fax number (858) 597-9601. The fax reported no errors. A copy of the transmission report is attached.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☒ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐ **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed April 15, 2024, at San Diego, California.

Andrea N. Ford                          By: _Andrea N. Ford_
Print Name                                          Signature

1
PROOF OF SERVICE

FP 50282854.1

# Exhibit B

```
Phillip G. Simpler (SBN 292486)
    E-Mail: psimpler@fisherphillips.com
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendant
TOO GOOD TO GO, INC.
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO - HALL OF JUSTICE COURTHOUSE

| | |
|---|---|
| THEODORE KIRKINIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TOO GOOD TO GO, INC., a California limited liability company; and Does 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 37-2023-00049370-CU-OE-CTL<br>*[Unlimited Jurisdiction]*<br><br>*Assigned for all purposes to the Honorable Matthew C. Braner, Dept. C-60*<br><br>**NOTICE TO OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**IMAGED FILE**<br><br>*[Filed concurrently with Notice of Adverse Parties]*<br><br>Complaint Filed: November 13, 2023<br>Trial Date:      Not Set |

**TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO:**

PLEASE TAKE NOTICE THAT on April 15, 2024, Defendant TOO GOOD TO GO, INC. petitioned for removal of the above-titled action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Attached to this notice as **Exhibit "A"** is a copy of the Notice of Removal of Action that has been filed in the United States District Court for the Southern District of California.

/ / /

Pursuant to 28 U.S.C. § 1446(d), the filing of that Notice of Removal of Action in the District Court, together with this notice, effects the removal of this action, and this court may proceed no further unless and until the case is remanded.

DATE: April 15, 2024                              FISHER & PHILLIPS LLP

By: _____
Phillip G. Simpler
Attorney for Defendant
TOO GOOD TO GO, INC.

# PROOF OF SERVICE
## (CCP §§1013(a) and 2015.5)

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Diego with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On April 15, 2024, I served the following document(s) **NOTICE TO OF REMOVAL OF ACTION TO FEDERAL COURT** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| NEVELS NICHOLS, LLP<br>Christopher Nichols (SBN 316417)<br>10089 Willow Creek Rd., Suite 200<br>San Diego, CA 92131 | Tel.: (619) 374-1100<br>Emails: Service@NevelsNichols.com<br><br>Attorney for Plaintiff<br>THEODORE KIRKINIS |

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Diego California, in a sealed envelope with postage fully prepaid.

☐ **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at fax number(s) listed above from fax number (858) 597-9601. The fax reported no errors. A copy of the transmission report is attached.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☒ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐ **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed April 15, 2024, at San Diego, California.

Andrea N. Ford                                        By: *[signature: Andrea N. Ford]*
Print Name                                                              Signature

1
PROOF OF SERVICE

FP 50282846.1

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On April 15, 2024, I served the foregoing document entitled **DEFENDANT'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| NEVELS NICHOLS, LLP<br>Christopher Nichols (SBN 316417)<br>10089 Willow Creek Rd., Suite 200<br>San Diego, CA 92131 | Tel.: (619) 374-1100<br>Emails:<br>Service@NevelsNichols.com<br><br>Attorney for Plaintiff<br>THEODORE KIRKINIS |
|---|---|

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with Attorney Service Name and Address .

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed April 15, 2024, at San Diego, California.

Andrea N. Ford
Print Name

By: *[signature: Andrea N. Ford]*
Signature