1  Phillip G. Simpler (SBN 292486)
       E-Mail:  psimpler@fisherphillips.com
2  FISHER & PHILLIPS LLP
   4747 Executive Drive, Suite 1000
3  San Diego, California 92121
   Telephone: (858) 597-9600
4  Facsimile:  (858) 597-9601

5  Attorneys for Defendant
   TOO GOOD TO GO, INC.

6

7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 THEODORE KIRKINIS, an individual, | Case No: **'24CV0678 BEN AHG** |
| 12 | |
| Plaintiff, | **DECLARATION OF PHILLIP G. SIMPLER IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |
| 13 v. | |
| 14 | |
| 15 TOO GOOD TO GO, INC., a California limited liability company; and Does 1 through 50, inclusive, | |
| 16 | Complaint Filed: November 13, 2023 Trial Date:     Not Set |
| 17 Defendants. | |

18

19              **DECLARATION OF PHILLIP G. SIMPLER**

20      I, Phillip G. Simpler, hereby declare and state as follows:

21      1.    I am an attorney at law duly licensed to practice before all courts in

22  the State of California. I am a Partner with Fisher & Phillips LLP, counsel of record

23  for Defendant TOO GOOD TO GO, INC. (hereinafter "TGTG") in the above-

24  captioned action.  I make this declaration in support of TGTG's Notice for Removal

25  of Action.

26      2.    I am a member in good standing of the State Bar of California and

27  have been admitted to practice before the United States District Court for the

28  Southern District of California.  I have personal knowledge of the facts set forth in

this Declaration and, if called to testify as witness, could and would testify competently to such facts under oath.

3.      I have reviewed the Superior Court of California, County of San Diego's online docket for the action initiated by Plaintiff Erika Kathleen Richey ("Plaintiff").  On November 13, 2023, Plaintiff filed a Complaint in the Superior Court of California, County of San Diego entitled *Theodore Kirkinis v. Too Good to Go, Inc., and Does 1-50*, San Diego Superior Court Case No. 37-2023-00049370-CU-OE-CTL.  A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit 1**.

4.      On March 14, 2024, TGTG was served with the Summons, Complaint, and related materials by personal delivery. The service date is confirmed by Plaintiff's Proof of Service filed in the State Court action.

5.      On or about April 4, 2024, Plaintiff filed a Substitution of Attorney reflecting his counsel's change in firm to Nevels Nichols, LLP. A true and correct copy of Plaintiff's Substitution of Attorney form is attached as **Exhibit 2**.

6.      On or about April 12, 2024, TGTG filed an Answer to Plaintiff's Complaint in the State Court action, while stating its intention to compel arbitration pursuant to the parties' employment arbitration agreement that Plaintiff attached to the Complaint. A true and correct copy of TGTG's Answer is attached hereto as **Exhibit 3**.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed on April 15, 2024, at San Diego, California.

 */s/ Phillip G. Simpler*
Phillip G. Simpler

Case No.
DECLARATION OF PHILLIP G. SIMPLER

FP 50283017.1

# Exhibit 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**  TOO GOOD TO GO, INC., a California
*(AVISO AL DEMANDADO):* limited liability company; and Does 1 through
50, inclusive,

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**11/13/2023** at 03:15:28 PM
Clerk of the Superior Court
By Sharon Allen Thurston,Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** THEODORE KIRKINIS, an individual;
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*<br>Superior Court of California, County of San Diego<br>330 West Broadway<br>San Diego, California 92101 | CASE NUMBER:<br>*(Número del Caso)*<br>37-2023-00049370-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Christopher E. Nichols
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
WEBB LAW GROUP APC
10509 Vista Sorrento Parkway, Suite 450 San Diego, CA 92121    (619) 399-7700

| DATE:<br>*(Fecha)*     11/14/2023 | Clerk, by<br>*(Secretario)*   *S. Allen Thurston*<br>S. Allen Thurston | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* **03/14/24**

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder®

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Christopher E. Nichols                    SBN: 316417<br>WEBB LAW GROUP APC<br>10509 Vista Sorrento Parkway, Suite 450<br>TELEPHONE NO.:(619) 399-7700          FAX NO. *(Optional)* (619) 819-8400<br>E-MAIL ADDRESS: Service@WebbLawGroup.com<br>ATTORNEY FOR *(Name):* THEODORE KIRKINIS | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**11/13/2023** at 03:15:26 PM<br>Clerk of the Superior Court<br>By Sharon Allen Thurston,Deputy Clerk |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |
|---|
| STREET ADDRESS: 330 West Broadway |
| MAILING ADDRESS: 330 West Broadway |
| CITY AND ZIP CODE: San Diego, 92101 |
| BRANCH NAME: Hall of Justice Courthouse |

| CASE NAME: THEODORE KIRKINIS v. TOO GOOD TO GO, INC. |
|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>37-2023-00049370-CU-OE-CTL |
|---|---|---|
| [X] Unlimited      [ ] Limited<br>(Amount             (Amount<br>demanded          demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.:    Judge Matthew C. Braner |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

Page 1 of 2

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel      e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve                courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence                court
                                                              f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 13, 2023

Christopher E. Nichols
(TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
11/13/2023 at 03:15:26 PM
Clerk of the Superior Court
By Sharon Allen Thurston,Deputy Clerk

1 | Lenden F. Webb (SBN 236377)
Christopher E. Nichols (SBN 316417)
2 | **WEBB LAW GROUP, APC**
10509 Vista Sorrento Parkway, Suite 450
3 | San Diego, CA 92121
Telephone: (559) 431-4888
4 | Facsimile: (559) 570-0488
Email: LWebb@WebbLawGroup.com
5 | Email: CNichols@WebbLawGroup.com

6 | Attorney for Plaintiff, Theodore Kirkinis

7

8 | **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

9 | **CIVIL UNLIMITED DIVISION**

10 | THEODORE KIRKINIS, an individual;  |  Case No.:    37-2023-00049370-CU-OE-CTL

11 | Plaintiff,  |  **COMPLAINT FOR DAMAGES**

12 | v.  |  1. **NONPAYMENT OF WAGES [CAL. LABOR CODE §§201, 202, 218]**
13 | TOO GOOD TO GO, INC., a California  |  2. **FAILURE TO PAY WAGES WHEN DUE [CAL. LABOR CODE§203]**
14 | limited liability company; and Does 1 through 50, inclusive,  |  3. **FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS [CAL. LABOR CODE § 226];**
15 | Defendants.  |  4. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
16 |  |  5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
17 |  |  6. **UNFAIR COMPETITION [CAL. BUS. & PROF. CODE §§ 17200, et seq.]**
18 |  |  7. **BREACH OF WRITTEN CONTRACT**
19 |  |  8. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
20 |  |  9. **DECLARATORY RELIEF**
21 |  |  10. **FAILURE TO REIMBURSE [LABOR CODE §2802].**
22 |  |
23 |  |
24 |  |  **DEMAND FOR JURY TRIAL**

**WEBB LAW GROUP, APC**
10509 Vista Sorrento Pkwy., Suite 450
San Diego, CA 92121

25

26 | Plaintiff THEODORE KIRKINIS (*hereinafter* "Plaintiff"), hereby alleges on
information and belief, except for his own acts and knowledge which are based on personal
27 | knowledge, the following:

28

## THE PARTIES

1. At all times mentioned herein, Plaintiff THEODORE KIRKINIS, is and was an individual over the age of eighteen (18) years old and a resident of the County of San Diego, in the State of California.

2. Plaintiff is informed and believes and thereon alleges that Defendant TOO GOOD TO GO, INC. (hereinafter "TGTG") is a Delaware corporation doing business in the State of California, County of San Diego.

3. The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of DEFENDANT DOES 1 through 50, inclusive, are presently unknown to Plaintiff who therefore sues these DOE DEFENDANTS by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. Plaintiff is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

4. At all times herein, each Defendant was the employee and agent of each of the other Defendants and in doing the things herein alleged, was acting within the course and scope of their authority as such and with consent of each other Defendant.

5. Plaintiff is informed and believes, and thereon alleges, that all times mentioned herein each and every co-defendant was and is the predecessor-in-interest, successor-in interest, agent, counselor, employee, servant, partner franchisee and/or joint ventures of each other co-defendant and in doing the actions hereinafter mentioned, was and/or is acting within the scope of its authority within such agency, employment, counseling, service, partnership, franchise and or/ joint venture or single enterprise, and with the permission and consent of each co-defendant. Plaintiff alleges that each of said defendants is responsible, jointly and severally for the events and injuries described herein and caused damages thereby to plaintiff as alleged herein.

WEBB LAW GROUP, APC
10509 Vista Sorrento Pkwy., Suite 450
San Diego, CA 92121

6. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is in breach of some contract or tortiously or otherwise legally responsible for the occurrences alleged in this complaint and for Plaintiff's damages.

7. Plaintiff is informed and believes, and upon that basis alleges, that each Defendant was acting partly within and partly without the scope and course of their employment, and was acting with the knowledge, permission, consent, and ratification of every other Defendant.

8. Each act was done with malice, oppression, and despicable conduct entitling Plaintiff to punitive and exemplary damages.

## THE CONDUCT

9. Plaintiff hereby incorporates by reference all paragraphs above, as if fully set forth herein.

10. Plaintiff began to work for Defendant TGTG as an Enterprise Account Executive, also known Key Account Manager ("KAM"), in the sales department in or around June of 2022. Plaintiff was employed by Defendant TGTG until on or around July 7, 2023.

11. TGTG is a service provider that works with grocery stores and restaurants to make use of food stuffs that go unsold and/or are at risk of expiration. TGTG takes food that is either soon-to-expire or unsold at the end of the day and places it at random into packages classed "Surprise Bags," which are sold to consumers for a discounted price. The transaction is a blind one, whereas the consumer does not know the contents of the TGTG food package when they purchase it, they only know the source of the food whether it be from a grocery store or restaurant. The grocery stores and restaurants benefit from making sales from food that would otherwise be thrown out, and TGTG profits by taking a commission for each TGTG Surprise Bag sold.

12. Plaintiff's responsibilities included acquiring high profile accounts for TGTG, maintaining the day-to-day business relationships with these customers, and overseeing the sales deals through to close. Throughout his employment, Mr. Kirkinis worked directly under Mr. Mischke, one of TGTG's Sales Managers.

WEBB LAW GROUP, APC
10509 Vista Sorrento Pkwy., Suite 450
San Diego, CA 92121

13. Upon being hired by Defendant, Plaintiff was provided with an offer letter which stated that he would "be eligible for a discretionary annual bonus with a target amount of $30,000." Plaintiff was later informed the "annual discretionary bonus" referred to in his offer letter would serve as the commission structure. This was confirmed both orally and in writing. Mr. Kirkinis was also provided with a PowerPoint slide that stated, that under the commission structure there were "monthly payouts," and that the "amount is based on total meals saved in first full month of NSS supply", with the explanation that "KAMs will get the full month TGTG commission from the first month of supply."

14. Said otherwise, the commission structure was such that a Key Account Manager (KAM) would receive a commission equal to the value of the total meals "saved" for the first month of each store that opened pursuant to the KAM's efforts to secure the account.

15. On October 18, 2022, Plaintiff was introduced to the Whole Foods Market (hereinafter "WFM") team. Prior to this meeting, Mr. Mischke explicitly told Mr. Kirkinis he would be taking the lead on the WFM account. On October 28, 2022, Mr. Mischke sent an email officially transferring the WFM account to Mr. Kirkinis and also prior to that meeting transferred the account in Salesforce.

16. Beginning in October of 2022, Mr. Kirkinis maintained continuous communication with WFM. Thereafter, WFM and the TGTG team knew Mr. Kirkinis as the "point person" and lead for the WFM account. Throughout the rest of the sales cycle, Mr. Kirkinis spent a tremendous amount of time and effort to successfully secure the WFM account on behalf of TGTG.

17. On June 14, 2023, Mr. Kirkinis travelled to Austin to the WFM headquarters to meet in person with the WFM team, to finalize negotiations, and ultimately the plan the roll out timeline for the TGTG program in WFM. In preparation for this trip, Mr. Kirkinis spent considerable time planning the full itinerary, coordinating the meeting schedule, and preparing the TGTG team. Then, on June 27, Plaintiff led the training and rollout for the first WFH store to implement TGTG.

18. Despite the immense amount of effort, time, and work by Plaintiff as the lead on the WFM account, which was a monumental accomplishment for his team and a landmark deal for

WEBB LAW GROUP, APC
10509 Vista Sorrento Pkwy., Suite 450
San Diego, CA 92121

TGTG, Plaintiff was then laid off the business day prior to the launch of the first store. In other words, just as the fruits of Mr. Kirkinis' labor were about to come due for a commission, TGTG let Mr. Kirkinis go in order to avoid paying him his commissions.

19. Plaintiff alleges that between his termination on July 7, 2023, and present, certain commissions that were earned but unpaid, became payable to Plaintiff and have not been paid.

## FIRST CAUSE OF ACTION

## NONPAYMENT OF WAGES [CAL. LABOR CODE §§201, 202, 218]

### (By PLAINTIFF Against All DEFENDANTS, and DOES 1-50, inclusive)

20. Plaintiff hereby incorporates by reference all paragraphs above, as if fully set forth herein.

21. Plaintiff performed work for Defendants and earned commissions that were due to Plaintiff under the terms of the commission agreement.

22. Despite Plaintiff earning said wages, Defendants have failed to pay Plaintiff all of the wages he earned under law, as required by the Labor Code and the Wage Order.

23. Plaintiff has since been terminated by Defendants in order to avoid paying Plaintiff those wages that were earned but not paid.

24. Plaintiff has been deprived of his rightfully earned wages as a result of Defendant's failure to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon under Labor Code §218.6, as well as attorney's fees and costs under Labor Code §218.5.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY WAGES WHEN DUE [CAL. LABOR CODE §203]

### (By PLAINTIFF Against All DEFENDANTS, and DOES 1-50, inclusive)

25. Plaintiff hereby incorporates by reference all paragraphs above, as if fully set forth herein.

26. Cal. Lab. Code § 200 provides that:
> As used in this article:(a) "Wages" includes all amounts for labor performed by employees of every description, whether the

WEBB LAW GROUP, APC
10509 Vista Sorrento Pkwy., Suite 450
San Diego, CA 92121

WEBB LAW GROUP, APC
10509 Vista Sorrento Pkwy., Suite 450
San Diego, CA 92121

amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

27. Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

28. Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

29. Pursuant to Plaintiff's commission structure, Plaintiff was entitled to commissions equal to the TGTG's first month's earnings for each new "account" secured.

30. Before being terminated, Plaintiff secured the account with Whole Foods Market, which has already rolled out TGTG operations in one store, with roll-outs for multiple other stores in the works.

31. Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

32. The employment of Plaintiff was terminated and Defendants have not tendered all payment of wages to Plaintiffs as required by law.

33. Therefore, as provided by Cal Lab. Code § 203, Plaintiffs demand up to thirty days of pay as penalty for not paying all wages due at time of termination and demand an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

WEBB LAW GROUP, APC
10509 Vista Sorrento Pkwy., Suite 450
San Diego, CA 92121

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS

### [CAL. LABOR CODE § 226]

### (By PLAINTIFF Against All DEFENDANTS, and DOES 1-50, inclusive)

34. Plaintiff hereby incorporates by reference all paragraphs above, as if fully set forth herein.

35. Plaintiffs and Represented Employees were employees of Defendants who did not receive proper protections and benefits of the laws governing the provision of accurate itemized wage statements.

36. During and after Plaintiff's employment, Defendants failed to provide Plaintiff with itemized wage statements showing how Plaintiff's commissions were calculated.

37. Further, Defendants' failure to pay all commissions owed to Plaintiff upon his termination necessarily means Plaintiff's final paycheck was inaccurate.

38. Labor Code § 226(e) requires Defendants to pay the greater of all actual damages or fifty dollars ($50.00) per employee for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs to Plaintiff who was injured by Defendants' failure to comply with Labor Code § 226(a). The exact amount of the applicable penalty is all in an amount to be shown according to proof at trial, but no less than $150.00.

### FOURTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (By PLAINTIFF Against All DEFENDANTS, and DOES 1-50, inclusive)

39. Plaintiff hereby incorporates by reference all paragraphs above, as if fully set forth herein.

40. Public policy is violated when an employer terminates an employee to avoid paying a benefit that the employee has earned.

41. Plaintiff was employed by Defendants beginning in June of 2022, and continuing until July 7, 2023 when Defendants terminated him.

WEBB LAW GROUP, APC
10509 Vista Sorrento Pkwy , Suite 450
San Diego, CA 92121

42. The WFM account, which was secured through the efforts of Plaintiff, represented a significant new account for Defendants.

43. Plaintiff alleges that he was terminated by Defendant(s) in order to avoid paying Plaintiff commissions earned by Plaintiff for securing the WFM account. Such commissions would have included the profits from the first month of each WFM store that opened.

44. Defendant's primary motivation in terminating Plaintiff was to avoid paying such commissions to Plaintiff.

45. Plaintiff has been harmed as a result being terminated by Defendants. Plaintiff's suffered harm includes monetary damages and severe emotion distress.

46. Defendants' decision to discharge Plaintiff was the proximate and immediate cause of Plaintiff's harm.

47. Defendants' actions in terminating Plaintiff in terminating Plaintiff to avoid paying commissions earned and forthcoming are malicious and oppressive and, as a result, Plaintiff is entitled to punitive damages.

### FIFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (By PLAINTIFF Against All DEFENDANTS, and DOES 1-50, inclusive)

48. Plaintiff hereby incorporates by reference all paragraphs above, as if fully set forth herein.

49. Defendants wrongfully terminated Plaintiff in order to avoid paying Plaintiff commissions both earned and forthcoming. Defendants intentionally sought to deprive Plaintiff of thousands of dollars in earned and pending commissions. Rather than attempting to reach a solution in compliance with the applicable contract and labor laws, Defendants terminated Plaintiff.

50. In terminating Plaintiff, Defendants intended for Plaintiff to suffer, or were substantially certain Plaintiff would suffer from emotional distress for asserting Plaintiffs rights under the employment agreement and relevant labor laws.

51. Such behavior was either intentional or reckless and constitute extreme and outrageous conduct which surpasses all possible bounds of decency, such that it was atrocious, and utterly intolerable in civilized society.

52. As a result of Defendants' conduct, Plaintiff has suffered severe emotional anguish, hardship, and suffering.

## SIXTH CAUSE OF ACTION

### UNLAWFUL BUSINESS PRACTICES

### [CAL. BUS. & PROF. CODE §§ 17200, et seq.]

### (By PLAINTIFF Against All DEFENDANTS, and DOES 1-50, inclusive)

53. Plaintiff hereby incorporates by reference all paragraphs above, as if fully set forth herein.

54. Defendants fall within the definition of a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021. California Business & Professions Code §§ 17200, *et seq.* (the "UCL") which defines unfair competition as any unlawful, unfair, or fraudulent business acts or practices. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Cal. Bus. & Prof. Code § 17203.

55. By the conduct alleged herein, Defendants have engaged and continue to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 201, 202, 203, 226, and 226.7, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and

WEBB LAW GROUP, APC
10509 Vista Sorrento Pkwy., Suite 450
San Diego, CA 92121

WEBB LAW GROUP, APC
10509 Vista Sorrento Pkwy., Suite 450
San Diego, CA 92121

1    remedy the conduct held to constitute unfair competition, including restitution of wages

2    wrongfully withheld.

3    56. By the conduct alleged herein, Defendants' practices were unlawful and unfair in that

4    these practices violated public policy, were immoral, unethical, oppressive, unscrupulous or

5    substantially injurious to employees, and were without valid justification or utility for which

6    this Court should issue equitable and injunctive relief pursuant to Section 17203 of the

7    California Business & Professions Code, including restitution of wages wrongfully withheld.

8    57. By the conduct alleged herein, Defendant's practices were deceptive and fraudulent in

9    that Defendant's uniform policy and practice failed to pay Plaintiff wages due for all for all

10    commissions earned and failed to timely pay Plaintiff after he was discharged. These

11    companywide practices that cannot be justified, pursuant to the applicable Cal. Lab. Code, and

12    Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*,

13    and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. &

14    Prof. Code § 17203, including restitution of wages wrongfully withheld.

15    58. By and through the unlawful and unfair business practices described herein, Defendant

16    has obtained valuable property, money and services from Plaintiff, including earned

17    commissions and have deprived Plaintiff of valuable rights and benefits guaranteed by law and

18    contract, all to the detriment of Defendants' employees and to the benefit of Defendants so as

19    to allow Defendant to unfairly compete against competitors who comply with the law.

20    59. All the acts described herein as violations of, among other things, the Industrial Welfare

21    Commission Wage Orders, the California Code of Regulations, and the California Labor Code,

22    were unlawful and in violation of public policy, were immoral, unethical, oppressive and

23    unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business

24    practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

25    60. Plaintiff is entitled to, and does, seek such relief as may be necessary to restore to him

26    the money and property which Defendant has acquired, or of which Plaintiff has been deprived,

27    by means of the above described unlawful and unfair business practices, including earned but

28    unpaid commissions.

WEBB LAW GROUP, APC
10509 Vista Sorrento Pkwy., Suite 450
San Diego, CA 92121

61. Plaintiff is further entitled to, and does, seek a declaration that the described business practices were unlawful, unfair and deceptive, and that injunctive relief should be issued restraining Defendant from engaging in any unlawful and unfair business practices in the future.

### SEVENTH CAUSE OF ACTION

### BREACH OF WRITTEN CONTRACT

**(By PLAINTIFF Against All DEFENDANTS, and DOES 1-50, inclusive)**

62. Plaintiff hereby incorporates by reference all paragraphs above, as if fully set forth herein.

63. Plaintiff and Defendant entered into a written contract by which Plaintiff would work for Defendants as a KAM and Defendants would provide Plaintiff with employment benefits including, but not limited to, a base salary plus commissions. *(attached hereto as* **Exhibit A** *and incorporated by reference as the "Offer Letter").*

64. The terms of the commission structure referenced in the Offer Letter were supplemented by PowerPoint presentations and other written correspondence outlining the specific terms and commission schedule (**Exhibit B**).

The fee structure was as follows: Each sale earned a $1.79 base bag fee, plus 25% for any sale above $18 in retail value (collectively "Base Bag Fee"). Each "Ready to Eat Bag" sold earned $2.50 on top of the Base Bag Fee. Each "Bakery Bag" sold earned $1.75 on top of the Base Bag Fee.

65. Commissions were earned once the KAM secured a new account, but were not paid until the TGTG program was rolled out at the new location. After one (1) month of operation, the commission was calculated as the total amount earned by TGTG for that first month. Under the commission structure, a KAM could periodically earn commissions under a single account at the time that each location implemented TGTG services For instance, even though WFM was a single account secured by Plaintiff, Plaintiff would earn commissions periodically as TGTG services were implemented at each new WFM location. WFM has over 500 stores nation-wide.

66. Plaintiff completed all, or substantially all, of his obligations under the contract as required to earn commissions, except for those which Plaintiff was excused from.

67. Plaintiff met all conditions required of him to earn commissions by securing the WFM account and implementing TGTG services in the first location in Austin, Texas.

68. Defendants breached the contract by failing to pay Plaintiff for all commissions earned from the WFM account for the Austin, Texas location and all future WFM locations that implement TGTG services. Plaintiff anticipates many WFM locations nation-wide will be implementing TGTG services. Plaintiff is entitled to commissions from the first month of TGTG proceeds for each WTF location that implements TGTG services. Defendants terminated Plaintiff to avoid paying Plaintiff these commissions.

69. As a direct and proximate result of Defendants' breach of the contract, Plaintiff has been and continues to be financially harmed in an amount to be proven at trial.

### EIGHTH CAUSE OF ACTION

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (By PLAINTIFF Against All DEFENDANTS, and DOES 1-50, inclusive)

70. Plaintiff hereby incorporates by reference all paragraphs above, as if fully set forth herein.

71. Plaintiff alleges on information and belief that Plaintiff was terminated by Defendants in order to cheat Plaintiff out of the benefits of Plaintiff's agreed upon commission structure as set forth herein and with the intention of avoiding paying Plaintiff commissions earned and forthcoming.

72. Plaintiff alleges, on information and belief, Defendant terminated Plaintiff to frustrate Plaintiff's legitimate expectations of receiving earned commissions under the commission structure.

73. As a result of Defendants' conduct above, Plaintiff has been harmed in that he has not received commissions that were earned, but not paid during and after Plaintiff's employment with Defendants.

///

WEBB LAW GROUP, APC
10509 Vista Sorrento Pkwy., Suite 450
San Diego, CA 92121

WEBB LAW GROUP, APC
10509 Vista Sorrento Pkwy., Suite 450
San Diego, CA 92121

## NINTH CAUSE OF ACTION

### DECLARATORY RELIEF

**(By PLAINTIFF Against All DEFENDANTS, and DOES 1-50, inclusive)**

74. Plaintiff hereby incorporates by reference all paragraphs above, as if fully set forth herein.

75. An actual and present controversy exists in which Plaintiff contends, and Defendants and each of them deny, that Plaintiff is owed commissions earned, but not paid under the commission structure for all past and future WFM locations nation-wide which implement TGTG services, regardless of whether Plaintiff is employed by Defendants at the time the commissions become payable.

76. Instead, Defendants contend that current employment is a condition precedent to commissions to be paid and that Plaintiff is not entitled to commissions earned through WFM locations operating with TGTG or that will use TGTG services in the future.

77. Plaintiff desires a judicial declaration of the parties' rights and obligations under the governing Commission Agreements to resolve the parties' conflicting interpretations.

78. A judicial declaration is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and obligations under the commission agreement.

## TENTH CAUSE OF ACTION

### FAILURE TO REIMBURSE FOR ALL REQUIRED EXPENSES

### (CAL. LAB. CODE §2802)

**(By PLAINTIFF Against All DEFENDANTS, and DOES 1-50, inclusive)**

79. Plaintiff hereby incorporates by reference all paragraphs above, as if fully set forth herein.

80. Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

81. Defendants violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse Plaintiff for required expenses incurred in the discharge of his job duties for Defendant's benefit. Specifically, Defendant failed to reimburse Plaintiff for expenses, which included, but were not limited to, use of his personal cell phone, home office expenses, and use of his personal internet. Defendant's uniform policy, practice and procedure was to not reimburse Plaintiff for expenses resulting from conducting business for Defendant within the course and scope of his employment for Defendant. These expenses were necessary to complete Plaintiff's principal job duties.

82. Defendant failed to fully reimburse Plaintiff the costs of conducting his work remotely. Although these expenses were expenses incurred by Plaintiff, Defendant failed to indemnify and reimburse Plaintiff for these expenses as an employer is required to do under the laws and regulations of California.

83. Plaintiff was forced by the expectation of Defendant and Defendant's policy to contribute to Defendant's business expenses, which expenses must be refunded by Defendant to Plaintiff.

84. Plaintiff therefore demands reimbursement for expenditures or losses incurred by them in the discharge of their job duties for Defendant, or their obedience to the directions of Defendant, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

**PRAYER FOR RELIEF**

PLAINTIFF prays for judgment against Defendants, and each of them jointly and severally, as follows:

1.  For compensatory damages of no less than $465,603.61.

2.  For all applicable civil penalties including, waiting time penalties under Labor Code §203, inaccurate paystub penalties under Labor Code §226, $10,000 pursuant to Labor Code § 98.6(b)(3) and any other code sections inadvertently omitted.

3.  For a judicial declaration that:
    a.  Under the governing commission agreement, commissions for all currently operating and future WFM locations were earned by Plaintiff when Plaintiff secured the WFM account;
    b.  Commissions for future WFM locations that implement TGTG services will become due and payable to Plaintiff after one (1) month of TGTG operation at each location;
    c.  Commissions earned by Plaintiff during his employment with Defendants is owed to him regardless of Plaintiff's employment status with Defendants at the time commissions become payable.

4.  For punitive damages;

5.  For declaratory relief;

6.  For pre-judgment and post judgment interest;

7.  For costs of suit and attorney's fees.

8.  Such further relief as justice demands.

Dated: November 13, 2023

**WEBB LAW GROUP, APC**

By_____

LENDEN F. WEBB
CHRISTOPHER E. NICHOLS
Attorneys for Plaintiff

WEBB LAW GROUP, APC
10509 Vista Sorrento Pkwy., Suite 450
San Diego, CA 92121

EXHIBIT A

DocuSign Envelope ID: 1B74516F-8D91-4E0F-9E8C-AAD43F1DE403



**Too Good To Go**
394 Broadway
Floor 3
New York, NY 100013

Personal and Confidential

06/14/2022

Theodore Daniel Kirkinis
624 Nautilus St
La Jolla, CA 92037

On behalf of Too Good To Go (the "Company"), I am delighted to confirm our employment offer to you as follows:

### TITLE, START DATE and RESPONSIBILITIES

Your title initially will be Enterprise Account Executive, Retail, and you will initially report to Head of Key Accounts. Your first day of work will be **7/11/2022**. As a Company employee, you will: (i) devote all of your business time and attention, your best efforts, and all of your skill and ability to promote the interests of the Company; (ii) carry out your duties in a diligent, competent, faithful and professional manner; (iii) work with other employees of the Company in a competent and professional manner; (iv) comply with all of the Company's policies, as in effect from time to time; and (v) generally promote the interests of the Company.

### COMPENSATION

You will initially receive base salary at the rate of $95,000 per year, less all applicable deductions and withholdings. Such salary will be paid in accordance with the Company's regular payroll practices on the last business day preceding the 16th and first day of the month. As an "exempt" employee, such salary shall constitute your compensation for all hours worked, regardless of the number of hours worked in any workweek. Your salary will be reviewed from time to time in accordance with Company policy.

You will be eligible for a discretionary annual bonus with a target amount of $30,000. Whether or not any bonus payment will be made to you, and, if so, in what amount, will be determined by the Company in its sole discretion. In order to be eligible for any bonus, you must be an active employee at, and not have given or received notice of termination of your employment prior to, the time of the payment of such bonus. Please note that payment of a bonus in any year or years does not in any way guarantee payment of a bonus in any other year or years.

You will also be eligible for paid time off in accordance with Company policy, as in effect from time to time.

DocuSign Envelope ID: 1B74516F-8D91-4E0F-9E8C-AAD43F1DE403

## EMPLOYMENT AT WILL

Your employment with the Company is at will, which means that it is subject to termination by either you or the Company at any time, for any reason, with or without notice or cause.  This letter serves to outline the terms of our employment offer, but it does not constitute a contract of employment for any specific length of time.

## BENEFITS

You will be entitled to participate in any present or future employee benefit programs established by the Company for its employees generally or for all employees at your organizational level, subject to the Company's right to modify or terminate such benefit plans or programs at any time in its sole discretion and subject to the eligibility requirements and rules of each such plan or program.

## PROTECTIVE COVENANTS

As a condition of your employment, you will be required to sign a standard protective covenants agreement, a copy of which is enclosed.

## MUTUAL ARBITRATION AGREEMENT

You will be required, as a condition of your employment with the Company, to sign the Company's Mutual Arbitration Agreement, a copy of which is enclosed.

## COMPANY POLICIES, PROCEDURES AND EMPLOYEE HANDBOOK

You will be required, as a condition of your employment with the Company, to comply with all Company policies, procedures, internal rules, guidelines, and the employee handbook. The latest versions can be found in BambooHR.

## PHOTO CONSENT

You hereby grant to the Company and its affiliates, licensees, successors, contractors and vendors and assign a worldwide and perpetual right and irrevocable license to use, reproduce and publish pictures, videos and/or voice recordings and other media (the "Recordings") of you for brochures, advertisements, recruitment campaigns, websites, organization charts, employee databases, illustrations, internal and external support material or similar purposes. You acknowledge and agree that you waive any right to compensation in connection with the Company's use of the Recordings.

## TAX WITHHOLDING

All forms of compensation referred to in this letter agreement are subject to reduction to reflect applicable withholding and payroll taxes and other deductions required by law.

## TAX ADVICE

You are encouraged to obtain your own tax advice regarding your compensation from the Company.  You agree that the Company does not have a duty to design its compensation policies in a manner that minimizes your tax liabilities, and you will not make any claim against the Company or its Board of Directors related to tax liabilities arising from your compensation.

**INTERPRETATION, AMENDMENT AND ENFORCEMENT**

This letter (and the Protective Covenants Agreement and Mutual Arbitration Agreement) contains the entire agreement between us.  You acknowledge that you have not relied upon any representations (oral or otherwise) other than those explicitly stated in this offer letter. This letter agreement may not be amended or modified, except by an express written agreement signed by both you and a duly authorized officer of the Company. The terms of this letter agreement and the resolution of any disputes as to the meaning, effect, performance or validity of this letter agreement or arising out of, related to, or in any way connected with, this letter agreement, your employment with the Company or any other relationship between you and the Company (the "Disputes") will be governed by the Mutual Arbitration Agreement.

**TERMS OF OFFER**

We hope that you will accept our offer to join the Company. You may indicate your agreement with these terms and accept this letter agreement. This offer, if not accepted, will expire at the close of business on 06/16/2022.

The Company extends this offer to you contingent on verification of your prior employment and educational information, satisfactory results from our reference and background checks, and verification of your identity and right to work in the United States.  The Company reserves the right to change any of the terms or conditions of your employment at any time in its sole discretion.

Theodore, we are very excited about welcoming you to our ambitious adventure of growing the global movement for fighting food waste at Too Good To Go and wish you every success in your new position.

Sincerely,

Thomas Zeihlund
Country Manager-US
Too Good To Go

Enclosure

I confirm my acceptance of employment with Too Good To Go, subject to the terms and conditions set forth above.

DocuSigned by:

_____
Theodore Daniel Kirkinis

15-Jun-22 | 01:08 CEST
_____
Date

2096294.1 32295-0001-000

DocuSign Envelope ID: 1B74516F-8D91-4E0F-9E8C-AAD43F1DE403

### PROTECTIVE COVENANTS AGREEMENT

Too Good To Go (the "**Company**") prides itself on developing and nurturing the talents of our employees.  In doing so, we encourage our employees to develop relationships with our business partners, stores and other clients.  Our people and their knowledge are our most valuable assets.  Also vital to the Company is the protection of our confidential information, client goodwill, and intellectual property rights in this very competitive world.  Effective as of the first day of my employment by the Company, the following confirms an agreement between the Company and me, the individual identified on the signature page to this Agreement.  This Agreement is a material part of the consideration for my employment and continued employment by the Company.  In exchange for the foregoing, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.  **NO CONFLICTS**.

I have not made and agree not to make any agreement, oral or written, that is in conflict with this Agreement or my employment with the Company.  I will not violate any agreement with or the rights of any third party.  When acting within the scope of my employment (or otherwise on behalf of the Company), I will not use or disclose my or any third party's confidential information or intellectual property (collectively, "**Restricted Materials**"), except as expressly authorized by the owner of such information or intellectual property, in writing.  Further, I have not retained anything containing any confidential information of a prior employer or other third party, whether or not created by me.

2.  **PROPERTY.**

    **a.**    **Definitions. "*Intellectual Property Rights*"** means any and all patent rights, copyright rights, mask work rights, trade secret rights, *sui generis* database rights and all other intellectual and industrial property rights of any sort throughout the world (including any application therefor).  **"*Invention*"** means any idea, concept, discovery, invention, development, technology, work of authorship, trade secret, software, firmware, tool, process, technique, know-how, data, plan, device, apparatus, architecture, specification, design, circuit, layout, mask work, algorithm, program, code, documentation or other material or information, tangible or intangible, whether or not it may be patented, copyrighted or otherwise protected (including all versions, modifications, enhancements and derivative works thereof).

    **b.**    **Ownership and Assignment.** To the fullest extent permitted under applicable law, the Company shall own all right, title and interest in and to all Inventions (including all Intellectual Property Rights therein or related thereto) that are made, conceived or reduced to practice, in whole or in part, by me during the term of my employment with the Company and which (i) relate to the Company's business, (ii) result from any work performed for the Company, or (iii) result from any use of the Company's equipment, supplies, facilities or Proprietary Information (as defined below).  I will promptly disclose and provide all of the foregoing Inventions (the **"*Assigned Inventions*"**) to the Company.  I acknowledge that all Assigned Inventions that are protectable are "works made for hire" as that term is defined in the United States Copyright Act.  If for any reason any portion of the Assigned Inventions does not qualify as works made for hire, then I agree to transfer and assign to the Company all right, title and interest in and to the Assigned Inventions, including any copyright.  I hereby make and agree to make all assignments to the Company necessary to accomplish the foregoing ownership.  Assigned Inventions shall not include any Invention (i) that I develop entirely on my own time, without use of any Company assets and (ii) which does not relate to any Proprietary Information (as defined below).

    **c.**    **Assurances.** I will further assist the Company, at its expense, to evidence, record and perfect such assignments, and to perfect, obtain, maintain, enforce and defend any rights specified to be so owned or assigned.  I hereby irrevocably designate and appoint the Company as my agent and attorney-in-fact to act for and in my behalf to execute and file any document and to do all other lawfully permitted acts to further the

DocuSign Envelope ID: 1B74516F-8D91-4E0F-9E8C-AAD43F1DE403

purposes of the foregoing with the same legal force and effect as if executed by me.

**d.    Background License.**  If I use or disclose any Restricted Materials when acting within the scope of my employment (or otherwise on behalf of the Company), or (ii) any Assigned Invention cannot be fully made, used, reproduced or otherwise exploited without using or violating any Restricted Materials, I hereby grant and agree to grant to the Company a perpetual, irrevocable, worldwide, royalty-free, non-exclusive, sublicensable right and license to exploit and exercise all such Restricted Materials and Intellectual Property Rights therein.  I will not use or disclose any Restricted Materials for which I am not fully authorized to grant the foregoing license.

**e.    Moral Rights.**  To the fullest extent allowed by applicable law, the terms of this Section 2 include all rights of paternity, integrity, disclosure and withdrawal and any other rights that may be known as or referred to as moral rights, artist's rights, *droit moral* or the like (collectively, "***Moral Rights***").  To the extent I retain any such Moral Rights under applicable law, I hereby ratify and consent to any action that may be taken with respect to such Moral Rights by or authorized by the Company and agree not to assert any Moral Rights with respect thereto.  I will confirm any such ratification, consent or agreement from time to time as requested by the Company.

**f.    California Law**.  The terms of this Section 2 shall be subject to the terms of Section 2870 of the California Labor Code, which states:

(a)    Any provision in an employment agreement which provides that an employee shall assign, or offer to assign, any of his or her rights in an invention to his or her employer shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities, or trade secret information except for those inventions that either:

(1)    Relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer; or

(2)    Result from any work performed by the employee for the employer.

(b)    To the extent a provision in an employment agreement purports to require an employee to assign an invention otherwise excluded from being required to be assigned under subdivision (a), the provision is against the public policy of this state and is unenforceable.

**g.    Use of Names.**  I agree that I will not use the name, marks or indicia of the Company or any of its business partners, stores and other clients for any purpose without the prior written consent of the applicable party in each instance.

**h.    Company Property.**  All memoranda, files, notes, records and other documents, whether in electronic form or hard copy, computer hardware and software, phones, other electronic devices and equipment, and all other Company property compiled by me, made available to me or provided to me by the Company during my employment with the Company (whether or not the material contains Proprietary Information) are the property of the Company and shall be delivered to the Company on the termination of my employment, or at any other time upon request.  Except in connection with my employment with the Company, I agree that I will not make or retain copies or excerpts of any Company property.

**3.    PROPRIETARY INFORMATION.**

DocuSign Envelope ID: 1B74516F-8D91-4E0F-9E8C-AAD43F1DE403

I agree that all nonpublic Assigned Inventions and all other nonpublic business, technical and financial information, including the identity of and information relating to the Company's employees, Affiliates and Business Partners (as such terms are defined below), which I develop, learn or obtain during my employment that relate to the Company, its business partners, stores or other clients or the business or demonstrably anticipated business of the Company, or that are received by or for the Company in confidence, constitute *"Proprietary Information"*.  I will hold in confidence and not disclose or, except within the scope of my employment, use any Proprietary Information.  Proprietary Information will not include information that I can document is or becomes readily publicly available without restriction through no fault of mine.  Upon termination of my employment, I will promptly return to the Company all items containing or embodying Proprietary Information (including all copies), except that I may keep my personal copies of (a) my compensation records, (b) materials distributed to shareholders generally and (c) this Agreement.  I also recognize and agree that I have no expectation of privacy with respect to the Company's networks, telecommunications systems or information processing systems (including, without limitation, stored computer files, electronic mail messages and voice messages), and that my activity and any files or messages on or using any of those systems may be monitored at any time without notice.  Notwithstanding the foregoing, nothing in this Agreement prohibits me from speaking with law enforcement, the Equal Employment Opportunity Commission, a state division of human rights, a local commission on human rights, or an attorney retained by me.  In addition, nothing in this agreement purports to deny me the right to disclose information about unlawful acts in the workplace, including, but not limited to, sexual harassment.

**4.    DUTY OF LOYALTY.**

During my employment with the Company, (a) I have an undivided duty of loyalty and fair dealing to the Company and will work for the best interests of the Company and not take over any of the Company's business opportunities or prospective business opportunities for my personal gain and/or to the detriment of the Company; (b) I will not engage in any other employment or business activity without written permission from executive management; and (c) I will not engage in any other activities that conflict with my obligations to the Company.

**5.    NON-DISPARAGEMENT.**

I shall not, at any time, make, or cause to be made, any statement or communicate any information (whether oral or written) that disparages or reflects negatively on the Company or the Company's products, services or employees; provided, however, that this paragraph shall not prohibit the me from making any truthful statements to any government agency, that are required by applicable law or valid legal process, or that are otherwise protected by applicable law.

**6.    SEVERABILITY.**

If at any time any of the provisions of this Agreement are deemed invalid or unenforceable or are prohibited by the laws of the state or place where they are to be performed or enforced, for any reason, the validity of the other provisions of this Agreement shall not be impaired.  If any provision of this Agreement is deemed invalid as to its scope, then notwithstanding such invalidity, that provision shall be deemed valid to the fullest extent permitted by law, and the parties hereto agree that, if any court makes such a determination, it shall have the power to reduce the duration, scope and/or area of such provision and/or to delete specific words and phrases by "blue penciling" and, in its reduced or blue penciled form, such provision shall then be enforceable as permitted by law.

DocuSign Envelope ID: 1B74516F-8D91-4E0F-9E8C-AAD43F1DE403

**7.    EMPLOYMENT AT WILL.**

I agree that this Agreement is not an employment contract for any particular term.  I have the right to resign and the Company has the right to terminate my employment at will, at any time, for any or no reason, with or without cause.   This Agreement does not purport to set forth all of the terms and conditions of my employment, and, as an employee of the Company, I have obligations to the Company which are not described in this Agreement.  However, the terms of this Agreement govern over any such terms that are inconsistent with this Agreement and supersede the terms of any similar form that I may have previously signed.  This Agreement can only be changed by a subsequent written agreement signed by the President of the Company (or authorized designee).

**8.    SURVIVAL.**

I agree that my obligations under Sections 2, 3 and 5 of this Agreement shall continue in effect after termination of my employment, regardless of the reason, and whether such termination is voluntary or involuntary, and that the Company is entitled to communicate my obligations under this Agreement to any of my potential or future employers.  My obligations under Sections 2, 3 and 5 also shall be binding upon my heirs, executors, assigns and administrators, and shall inure to the benefit of the Company, its Affiliates, successors and assigns. This Agreement may be freely assigned by the Company to any third party.

**9.    REMEDIES.**

I acknowledge and agree that the Company's monetary remedy at law for a breach or threatened breach of any of the provisions of Sections 2, 3, 4 or 5 of this Agreement would be inadequate and, in recognition of that fact, in the event of a breach or threatened breach by me, or anyone acting in concert with me, of any of the provisions of Paragraphs 2, 3, 4 or 5 of this Agreement, I agree that in addition to its remedy at law, the Company shall be entitled to appropriate equitable relief in the form of specific performance, preliminary or permanent injunction, temporary restraining order or any other appropriate equitable remedy which may then be available.  I further agree that the Company will be entitled to such remedies without having to post bond or other security and without having to prove the inadequacy of the available remedies at law.

**10.    GENERAL PROVISIONS.**

Except as set forth above in Section 7, this Agreement constitutes the entire agreement between the parties with respect to its subject matter, and supersedes all prior negotiations, understandings or agreements (oral or written) between me and the Company about the subject matter of this Agreement.  The terms of this Agreement and all rights and obligations of the parties, including its enforcement, shall be interpreted and governed by the laws of the State of California, without regard to any conflict of laws doctrine.  The failure of either party to enforce its rights under this Agreement at any time for any period shall not be construed as a waiver of such rights.  Unless expressly provided otherwise, each right and remedy in this Agreement is in addition to any other right or remedy, at law or in equity, and the exercise of one right or remedy will not be deemed a waiver of any other right or remedy.  This Agreement may be executed in two counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Photographic and fax copies of such signed counterparts may be used in lieu of the originals of this Agreement for any purpose.

DocuSign Envelope ID: 1B74516F-8D91-4E0F-9E8C-AAD43F1DE403

AGREED TO AND ACCEPTED:

Signature: _____          Print Name: Theodore Kirkinis
                                                                    _____

Date: 15-Jun-22 | 01:08 CEST
        _____

EXHIBIT B

2022 COMMISSION & GOALS



# COMMISSION STRUCTURE OVERVIEW

**Previous structure:**

- Fixed quarterly payouts
- Based on achievement to NSS target (% to goal)
- Paid quarterly

**New Structure**

- Monthly payouts (going forward)
- Amount is based on **total meals saved** in **first full month** of NSS supply
  - I.e. if you close a store in March, you will be paid on the meals saved in April on May 15
  - KAMs will get the full month TGTG commission from the first month of supply
  - Support roles (Ops/Managers) will be paid on a portional payout of team performance
  - *Commission is linear*
- First payout (4/15) is Jan close and Feb supply and Feb close and Mar supply

KIRKINIS 5002

# TARGETS & GOALS

Goals will be set on a semi-annual structure
Your manager and/or I will set 1H goals with you for your book of business
Goals will be reviewed in weekly 1:1s and semi-annual performance reviews

**Example:**

| Targets | | | |
|---|---|---|---|
| NSS Targets | | | |
| RF Meals Saved/Store | | | |
| Meals Saved Target (1st Full Month) | | | |
| Commission | | | |
| **Actuals** | | | |
| NSS Achieved | | | |
| Meals Saved (1st Full Month) | | | |
| Meals Saved/Store | | | |
| Commission | | | |

| Goals | 1H Targets | 1H Status |
|---|---|---|
| Pilots | Launch 8 pilots | 2 Pilots Launched |
| Rollouts | Launch 4 Rollouts | 2 Rollouts Launched |
| Pitch Target | Pitch to 2 Gold Accounts | 1 Gold Pitch |
| Pipeline Management | Maintain 100% pipeline coverage and 90% opps not stale | Achieved |
| Existing Partner Support | Get to 100% rollout in addressable market with 2 brands | Peet's Rollout in progress |

KIRKINIS 5003

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Theodore Kirkinis |
|---|
| DEFENDANT(S): Too Good To Go Inc |
| SHORT TITLE: KIRKINIS VS TOO GOOD TO GO INC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2023-00049370-CU-OE-CTL |
|---|---|

Judge: Matthew C. Braner                                    Department: C-60

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)          ☐ Non-binding private arbitration

☐ Mediation (private)                  ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)         ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                      Name of Defendant

_____          _____
Signature                              Signature

_____          _____
Name of Plaintiff's Attorney           Name of Defendant's Attorney

_____          _____
Signature                              Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 11/14/2023

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2023-00049370-CU-OE-CTL    CASE TITLE: Kirkinis vs Too Good To Go Inc [IMAGED]

<u>NOTICE</u>: **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> (1) **this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> (2) **the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** <u>*and*</u>
> (3) **the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Gives parties more control over the dispute resolution process and outcome | |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost.*

Exhibit 2

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Christopher Nichols (SBN 316417)<br>Nevels Nichols, LLP<br>10089 Willow Creek Rd Suite 200<br>San Diego, CA 92131 | |

TELEPHONE NO.: (619) 374-1100    FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* Service@NevelsNichols.com
ATTORNEY FOR *(Name):* Plaintiff Theodore Kirkinis

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

CASE NAME:    Kirkinis v. Too Good To Go Inc.

| **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | CASE NUMBER:<br>37-2023-00049370-CU-OE-CTL |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* Theodore Kirkinis    makes the following substitution:

1. **Former legal representative** ☐ Party represented self    ☒ Attorney *(name):* Christopher E. Nichols
2. **New legal representative** ☐ Party is representing self*    ☒ Attorney
   a. Name: Christopher E. Nichols    b. State Bar No. *(if applicable):* 316417
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):*

   Nevels Nichols, LLP  10089 Willow Creek Rd Suite 200  San Diego, CA 92131

   d. Telephone No. *(include area code):* (619) 374-1100
3. The party making this substitution is a    ☒ plaintiff    ☐ defendant    ☐ petitioner    ☐ respondent    ☐ other *(specify):*

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- **Guardian**        • **Personal Representative**        • **Guardian ad litem**
- **Conservator**     • **Probate fiduciary**              • **Unincorporated**
- **Trustee**         • **Corporation**                       **association**

**If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.**

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
**A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.**

---

4. I consent to this substitution.
   Date:03 / 27 / 2024
   Theodore Kirkinis                                      ▸    *Theodore Kirkinis*
   _____                                    _____
   (TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY)

5. ☒    I consent to this substitution.
   Date:    4/3/2024
   Christopher E. Nichols of Webb Law Group APC           ▸    *CAN*
   _____                                    _____
   (TYPE OR PRINT NAME)                                         (SIGNATURE OF FORMER ATTORNEY)

6. ☒    I consent to this substitution.
   Date:    4/3/2024
   Christopher E. Nichols of Nevels Nichols LLC           ▸    *CAN*
   _____                                    _____
   (TYPE OR PRINT NAME)                                         (SIGNATURE OF NEW ATTORNEY)

*(See reverse for proof of service by mail)*    **Page 1 of 2**

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>*www.courtinfo.ca.gov* |
|---|---|---|

MC–050

| CASE NAME: | CASE NUMBER: |
|---|---|
| Kirkinis v. Too Good To Go Inc. | 37-2023-00049370-CU-OE-CTL |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*  **\*SEE ATTACHED PROOF OF SERVICE\***

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1 ) Date of mailing:                    (2) Place of mailing *(city and state)*:

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          _____
(TYPE OR PRINT NAME)                                    (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4.  a. Name of person served:
   b. Address *(number, street, city, and ZIP)*:

   c. Name of person served:
   d. Address *(number, street, city, and ZIP)*:

   e. Name of person served:
   f. Address *(number, street, city, and ZIP)*:

   g. Name of person served:
   h. Address *(number, street, city, and ZIP)*:

   i. Name of person served:
   j. Address *(number, street, city, and ZIP)*:

☐  List of names and addresses continued in attachment.

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

**PROOF OF SERVICE**

    I, the undersigned, declare that I am over the age of eighteen years and not a party to the case. My business address is 10089 Willow Creek Rd., Suite 200, San Diego, California, 92131. On April 3, 2024, I served a copy of the following documents:

- SUBSTITUTION OF ATTORNEY

[ ] **By Electronic Service**: Based on a court order, Code of Civil Procedure Section 1010.6 and California Rules of Court Rule 2.251, or an agreement of the parties to accept electronic service. I caused the above documents to be sent to the person(s) at the e-mail address(es) set forth below.

[ X ] **By Mail**: I placed the envelope for collection and mailing at the address(es) below, following our ordinary business practices. I am readily familiar with this firm's business practice for collecting and processing correspondence for mailing, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Diego, California.

UNITED CORPORATE SERVICES INC.
JOHN HALISSY
608 UNIVERSITY AVENUE
SACRAMENTO, CA 95825
*Registered Agent for Service of Process for Defendant Too Good To Go Inc.*

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 3, 2024, at San Diego, California.

CHRISTOPHER E. NICHOLS

NEVELS NICHOLS, LLP
10089 Willow Creek Rd. Suite 200
San Diego, CA 92131

Exhibit 3

1  Phillip G. Simpler (SBN 292486)
       E-Mail:  psimpler@fisherphillips.com
2  FISHER & PHILLIPS LLP
   4747 Executive Drive, Suite 1000
3  San Diego, California 92121
   Telephone: (858) 597-9600
4  Facsimile:  (858) 597-9601

5  Attorneys for Defendant
   TOO GOOD TO GO, INC.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF SAN DIEGO - HALL OF JUSTICE COURTHOUSE

10

11 THEODORE KIRKINIS, an individual,    CASE NO.:  37-2023-00049370-CU-OE-CTL
                                        *[Unlimited Jurisdiction]*
12              Plaintiff,
                                        *Assigned for all purposes to the*
13       v.                             *Honorable Matthew C. Braner, Dept. C-60*

14 TOO GOOD TO GO, INC., a California   **DEFENDANT TOO GOOD TO GO, INC.'S**
   limited liability company; and Does 1 **ANSWER TO PLAINTIFF THEODORE**
15 through 50, inclusive,               **KIRKINIS' UNVERIFIED COMPLAINT**

16              Defendants.             **IMAGED FILE**

17                                      Complaint Filed:  November 13, 2023
                                        Trial Date:       Not Set
18

19

20 Defendant, TOO GOOD TO GO, INC., ("Defendant") responds to Plaintiff's complaint as

21 follows:

22                              **ANSWER**

23 Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant

24 generally denies each and every allegation and cause of action in Plaintiff's unverified complaint.

25                    **FIRST AFFIRMATIVE DEFENSE**

26       1.    This action must be litigated in arbitration, since all disputes arising out of or

27 related to Plaintiff's employment are subject to Plaintiff's agreement to submit such disputes to

28 binding individual contractual arbitration (See Ex. A to the Complaint.). Defendant does not

---

DEFENDANT TOO GOOD TO GO, INC.'S ANSWER TO PLAINTIFF THEODORE KIRKINIS'
UNVERIFIED COMPLAINT

FP 50282813.1

waive its right to compel arbitration by filing this Answer. Absent, Plaintiff's stipulation, Defendant will immediately move to compel arbitration after removal of the case to Federal Court.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's complaint, and each and every cause of action therein, is barred by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor Code section 3601 et seq.

### THIRD AFFIRMATIVE DEFENSE

3.      If Plaintiff has received, or in the future receives, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff is estopped by his conduct from recovering any relief sought in the complaint, or in any purported cause of action alleged therein.

### FIFTH AFFIRMATIVE DEFENSE

5.      By his conduct, Plaintiff has waived any right to recover any relief sought in the complaint, or in any purported cause of action alleged therein.

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's claims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

7.      To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's causes of action are barred by the Statute of Frauds pursuant to California Civil Code section 1624.

/ / /

**NINTH AFFIRMATIVE DEFENSE**

9.     Plaintiff's claims are barred on the ground that as to each and every oral, implied, or other contractual relationship alleged therein, there was a failure of consideration.

**TENTH AFFIRMATIVE DEFENSE**

10.     Plaintiff's claims are barred on the ground that, as to each and every oral, implied, or other contractual relationship alleged therein, Plaintiff failed to fulfill conditions precedent to the enforcement of any said contract.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     Plaintiff's claims for penalties pursuant to Labor Code section 203 and 226 are barred because Defendant did not willfully withhold wages over which there was no good faith dispute and in fact, acted at all times with the good faith belief that Plaintiff was compensated as required by law and accurately reported such compensation.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     At all times Defendant was acting in good faith and had reasonable grounds for believing that its method of compensating Plaintiff was lawful.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.     Any recovery on Plaintiff's complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate his damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     Any recovery on Plaintiff's complaint or any purported cause of action alleged therein, is barred in whole or in part by after-acquired evidence which independently justified Plaintiff's termination.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

/ / /

DEFENDANT TOO GOOD TO GO, INC.'S ANSWER TO PLAINTIFF THEODORE KIRKINIS' UNVERIFIED COMPLAINT

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Even if Plaintiff's termination were unlawful (which Defendant denies), Plaintiff's recovery is barred and/or limited because his employment would have ended at the same time his separation occurred for independent and legal reasons.

### RESERVATION OF RIGHTS

18.     Respondent currently has insufficient information available upon which to form a belief as to whether it has additional, as yet unstated, affirmative defenses available. Respondent reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

**WHEREFORE**, this answering Defendant prays as follows:

19.     That Plaintiff take nothing by his complaint for damages;

20.     That Plaintiff's complaint herein be dismissed in its entirety with prejudice;

21.     That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and

22.     That the court award such other and further relief as it deems appropriate.


DATE:  April 12, 2024                              FISHER & PHILLIPS LLP


                                        By: _____
                                            Phillip G. Simpler
                                            Attorney for Defendant
                                            TOO GOOD TO GO, INC.

---

4

# PROOF OF SERVICE
## (CCP §§1013(a) and 2015.5)

I, the undersigned, am at least 18 years old and not a party to this action.  I am employed in the County of San Diego with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On April 12, 2024, I served the following document(s) **DEFENDANT TOO GOOD TO GO, INC.'S ANSWER TO PLAINTIFF THEODORE KIRKINIS' UNVERIFIED COMPLAINT** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| NEVELS NICHOLS, LLP<br>Christopher Nichols (SBN 316417)<br>10089 Willow Creek Rd., Suite 200<br>San Diego, CA 92131 | Tel.: (619) 374-1100<br>Emails: Service@NevelsNichols.com<br><br>Attorney for Plaintiff<br>THEODORE KIRKINIS |

☐ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Diego California, in a sealed envelope with postage fully prepaid.

☐ **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at fax number(s) listed above from fax number (858) 597-9601.  The fax reported no errors.  A copy of the transmission report is attached.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☒ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐ **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed April 12, 2024, at San Diego, California.

Andrea N. Ford
_____          By: _____
Print Name                                              Signature

1
PROOF OF SERVICE

1  **CERTIFICATE OF SERVICE**

2      I, the undersigned, am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action; am

3  employed with the law offices of Fisher & Phillips LLP and my business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

4

5      On April 15, 2024, I served the foregoing document entitled **DECLARATION OF PHILLIP G. SIMPLER IN SUPPORT OF**

6  **DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** on all the appearing and/or interested

7  parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

8  | NEVELS NICHOLS, LLP | Tel.: (619) 374-1100 |
   | Christopher Nichols (SBN 316417) | Emails: |

9  | 10089 Willow Creek Rd., Suite 200 | Service@NevelsNichols.com |
   | San Diego, CA 92131 | |

10 | | Attorney for Plaintiff |
   | | THEODORE KIRKINIS |

11  ☒    **[by MAIL]** - I am readily familiar with the firm's practice of collection and

12  processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon

13  fully prepaid at San Diego, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if

14  postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

15  ☐    **[by ELECTRONIC SUBMISSION]** - I served the above listed

16  document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission

17  through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party,

18  the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user

19  constitutes consent to electronic service through the court's transmission facilities.

20  ☐    **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such

21  envelope(s) by hand to the office of the addressee(s).  Such messenger is over the age of eighteen years and not a party to the within action and

22  employed with Attorney Service Name and Address .

23      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

24      Executed April 15, 2024, at San Diego, California.

25  Andrea N. Ford

26  _____      By: _____
   Print Name                                                    Signature

27

28

1
CERTIFICATE OF SERVICE